1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9   BENJAMIN MORALES-CARDENAS,            Case No. 2:15-cv-01508-GMN-GWF

10                          Plaintiff,               ORDER

11        v.

12   STATE OF NEVADA et al.,

13                          Defendants.

14

15        This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by

16   a former state prisoner.  On May 20, 2016, the Court issued an order directing Plaintiff,

17   who had been recently released from prison, to file an application to proceed *in forma*

18   *pauperis* for non-prisoners or to pay the $400 filing fee within thirty (30) days from the

19   date of that order.  (ECF No. 15 at 1).  The Court stated that it would issue an order on

20   the matter of service after it determined the matter of the payment of the filing fee.[1]  The

21   thirty-day period has now expired, and Plaintiff has not filed an application to proceed *in*

22   *forma pauperis* for non-prisoners, paid the full filing fee, or otherwise responded to the

23   Court's order.

24        District courts have the inherent power to control their dockets and "[i]n the

25   exercise of that power, they may impose sanctions including, where appropriate . . .

26   dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829,

27   _____

28        [1] The Court previously issued a screening order in this case (ECF No. 2, 4) and
     the case proceeded to mediation (ECF No. 13).

831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.   The Court's order requiring Plaintiff to file a fully

1   complete application to proceed *in forma pauperis* for nonprisoners or to pay the full

2   filing fee of $400 within thirty days expressly stated: "IT IS FURTHER ORDERED that if

3   Plaintiff does not timely comply with this order, dismissal of this action may result."

4   (ECF No. 15 at 2).   Thus, Plaintiff had adequate warning that dismissal would result

5   from his noncompliance with the Court's order to file a fully complete application to

6   proceed *in forma pauperis* for nonprisoners or to pay the full filing fee of $400 within

7   thirty days.

8          It is therefore ordered that this action is dismissed, with prejudice, based on

9   Plaintiff's failure to file a fully complete application to proceed *in forma pauperis* for

10  nonprisoners or to pay the full filing fee of $400 in compliance with this Court's May 20,

11  2016, order.

12         It is further ordered that the Clerk of Court shall enter judgment accordingly.

13

14  DATED THIS ██ 30th day of June 2016.

15

16                                         _____

17                                         Gloria M. Navarro, Chief Judge
                                           United States District Court

18

19

20

21

22

23

24

25

26

27

28